LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff, FLSA Collective*
*Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

CARLOS NAVARRO,
*on behalf of himself, FLSA Collective Plaintiffs*
*and the Class*,

       Plaintiff,

       v.

RIVER LOUNGE INC.
       d/b/a MAD RIVER BAR & GRILLE,
MICHAEL MASTELLONE
and JOHN DURKIN,

       Defendants.

---

Case No.:

**CLASS AND COLLECTIVE**
**ACTION COMPLAINT**

Jury Trial Demanded

       Plaintiff, CARLOS NAVARRO ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, RIVER LOUNGE INC. d/b/a MAD RIVER BAR & GRILLE (hereinafter, "Corporate Defendant"), MICHAEL MASTELLONE and JOHN DURKIN (collectively, "Individual Defendants," and together with Corporate Defendant, "Defendants") and states as follows:

## INTRODUCTION

1.      Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that he is entitled to recover from Defendants: (1) unpaid minimum wage, (2) unpaid overtime compensation, (3) liquidated damages and (4) attorneys' fees and costs.

2.      Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he is entitled to recover from Defendants: (1) unpaid minimum wage, (2) unpaid overtime compensation, (3) unpaid spread of hours premium, (4) statutory penalties, (5) liquidated damages and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Sourthern District pursuant to 28 U.S.C. § 1391.

## PARTIES

5.      Plaintiff CARLOS NAVARRO is a resident of New York County, New York.

6.       Corporate Defendant RIVER LOUNGE INC. d/b/a MAD RIVER BAR & GRILLE is a domestic business corporation organized under the laws of the State of New York, with a principle place of business and an address for service of process located at 1442 Third Avenue, New York, New York 10028. Defendants operate "Mad River Bar & Grille" restaurant through RIVER LOUNGE INC.

7.      Individual Defendant MICHAEL MASTELLONE is an owner and senior executive officer of Corporate Defendant. MICHAEL MASTELLONE exercised control over

the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs and Class members. MICHAEL MASTELLONE had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs and Class members. At all times, employees could complain to MICHAEL MASTELLONE regarding any of the terms of their employment, and MICHAEL MASTELLONE would have the authority to effect any changes to the quality and terms of employees' employment. MICHAEL MASTELLONE regularly visited the restaurant and directly reprimanded any employee who did not perform his duties correctly. MICHAEL MASTELLONE ensured that employees effectively serve customers and that the business is operating efficiently and profitably. MICHAEL MASTELLONE exercised functional control over the business and financial operations of Corporate Defendant.

8.    Individual Defendant JOHN DURKIN is an owner and senior executive officer of Corporate Defendant. JOHN DURKIN exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs and Class members. JOHN DURKIN had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs and Class members. At all times, employees could complain to JOHN DURKIN regarding any of the terms of their employment, and JOHN DURKIN would have the authority to effect any changes to the quality and terms of employees' employment. JOHN DURKIN regularly visited the restaurant and directly reprimanded any employee who did not perform his duties correctly. JOHN DURKIN ensured that employees effectively serve customers and that the business is operating efficiently and

profitably. JOHN DURKIN exercised functional control over the business and financial operations of Corporate Defendant.

9.      At all relevant times, Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and New York Labor Law and the Regulations thereunder.

10.     At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

11.     Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees, including cooks, food preparers, dishwashers, bartenders, barbacks, hosts/hostesses, cashiers, porters, servers, runners and bussers, employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

12.     At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the statutory minimum wage and overtime compensation at the rate of one and one half times the regular hourly rate for work in excess of forty (40) hours per workweek. Defendants were not entitled to take any tip credits because they failed to meet statutory requirements under the FLSA. The claims of Plaintiff stated herein are essentially the same as those of FLSA Collective Plaintiffs.

13.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

14.     Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees, including cooks, food preparers, dishwashers, bartenders, barbacks, hosts/hostesses, cashiers, porters, servers, runners and bussers, employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

15.     All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

16.     The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the

calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

17.     Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay minimum wage, (ii) failing to pay overtime compensation, (iii) failing to pay spread of hours premium, (iv) failing to provide proper wage statements per requirements of the New York Labor Law, and (v) failing to provide proper wage and hour notices per requirements of the New York Labor Law. Defendants were not entitled to take any tip credits because they failed to meet statutory requirements under the New York Labor Law. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

18.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

19.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. Class action treatment will permit a large number of similarly

situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

20.    Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

21.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a)    Whether Defendants employed Plaintiff and Class members within the meaning of the New York law;

(b)    What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

(c)    At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiff and Class members for their work;

(d)    Whether Defendants properly notified Plaintiff and Class members of their regular hourly rate and overtime rate;

(e)    Whether Defendants improperly paid Plaintiff and Class members on a fixed salary basis, when New York law requires that all non-exempt employees be paid on an hourly basis;

(f)    Whether Defendants paid Plaintiff and Class members the minimum wage under the New York Labor Law;

(g)    Whether Defendants provided proper notice to the Tipped Subclass members that Defendants were taking a tip credit;

(h)    Whether Defendants provided proper wage statements informing the Tipped Subclass members of the amount of tip credit taken for each payment period and other information required to be provided on wage statements;

(i)    Whether Defendants took the proper amount of tip credit allowance from the Tipped Subclass members under the New York Labor Law;

(j)    Whether Defendants required the Tipped Subclass members to perform non-tipped work for more than 20 percent of their workday;

(k)    Whether Defendants kept daily records of tips earned by Plaintiffs and the Tipped Subclass members;

(l)    Whether Defendants paid Plaintiff and Class members the proper overtime compensation under the New York Labor Law;

(m)    Whether Defendants paid Plaintiff and Class members the spread of hours premium as required by the New York Labor Law;

(n)    Whether Defendants provided proper wage statements to Plaintiff and Class members per requirements of the New York Labor Law; and

(o)    Whether Defendants provided proper wage and hour notices to Plaintiff and Class members per requirements of the New York Labor Law.

## STATEMENT OF FACTS

22.    From in or about September 2006 until in or about September 2015, Plaintiff CARLOS NAVARRO was employed by Defendants to work as a barback and porter for Defendants' "Mad River Bar & Grille" restaurant located at 1442 Third Avenue, New York, New York 10028.

23.    Throughout his employment with Defendants, Plaintiff CARLOS NAVARRO regularly worked more than forty (40) hours per workweek and more than ten (10) hours per workday. Specifically, Plaintiff regularly worked four (4) days per week for a total of forty-seven (47) hours per week with a regular work schedule as follows: (i) 9:00 a.m. to 4:00 p.m.

on Tuesdays, (ii) 5:00 p.m. to 5:00 a.m. on Thursdays and Fridays, and (iii) 4:00 p.m. to 8:00 a.m. on Saturdays. Plaintiff CARLOS NAVARRO was required to work without any meal break on a daily basis. Based on Plaintiff CARLOS NAVARRO's direct observations and conversations with other employees at Mad River Bar & Grille, all FLSA Collective Plaintiffs and Class members worked similar hours without meal breaks.

24.     Throughout his employment with Defendants, Plaintiff CARLOS NAVARRO was paid a fixed salary of $350 per workweek regardless of actual hours worked. However, there was never any understanding that the fixed weekly salary was intended to cover any overtime hours worked by Plaintiff CARLOS NAVARRO. Based on Plaintiff CARLOS NAVARRO's direct observations and conversations with other employees at Mad River Bar & Grille, all FLSA Collective Plaintiffs and Class members were similarly paid a fixed weekly salary basis.

25.     Throughout his employment with Defendants, Plaintiff CARLOS NAVARRO was paid in cash and did not receive any wage statements from Defendants.

26.     At all relevant times, Defendants paid Plaintiff, FLSA Collective Plaintiffs and Class members at regular rates below the prevailing minimum wage in violation of the FLSA and NYLL.

27.     At all relevant times, Plaintiff, FLSA Collective Plaintiffs and Class members regularly worked over forty (40) hours per week, but Defendants failed to pay them the proper overtime compensation in violation of the FLSA and NYLL.

28.     At all relevant times, the workdays of Plaintiff and Class members regularly exceeded ten (10) hours per day. However, Defendants failed to pay Plaintiff and Class members the spread of hours premium as required by NYLL.

29.     At no time during the relevant time periods did Defendants provide Plaintiff or Class members with proper wage and hour notices or wage statements as required by NYLL.

30.     Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiffs, FLSA Collective Plaintiffs and Class members.

31.     Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of one and one-half times the regular rate of pay) or the New York State overtime rate (of one and one-half times the regular rate of pay) to Plaintiff, FLSA Collective Plaintiffs and Class members for all hours worked in excess of forty (40) hours per week.

32.     Defendants knowingly and willfully operated their business with a policy of not paying the spread of hour premium to Plaintiff and Class members, in violation of the NYLL.

33.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements to Plaintiff and Class members, in violation of the NYLL.

34.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage and hour notices to Plaintiff and Class members, in violation of the NYLL.

35.     Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members in this litigation and has agreed to pay the firm a reasonable fee for its services.

**STATEMENT OF CLAIM**

**COUNT I**

**VIOLATION OF THE FAIR LABOR STANDARDS ACT**

36.     Plaintiff realleges and reavers Paragraphs 1 through 35 of this class and collective action Complaint as if fully set forth herein.

37.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

38.     At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

39.     At all relevant times, Corporate Defendant had gross annual revenues in excess of $500,000.

40.     At all relevant times, Defendants had a policy and practice of failing to pay the statutory minimum wage to Plaintiff and FLSA Collective Plaintiffs for their hours worked.

41.     At all relevant times, Defendants had a policy and practice of failing to pay overtime compensation at the statutory rate of one and one-half times the regular rate of pay to Plaintiff and FLSA Collective Plaintiffs for their hours worked in excess of forty (40) hours per workweek.

42.     Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs at the minium wage and overtime premium of one and one-half times the regular rate of pay for

their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

43.    Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

44.    As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e. double) damages pursuant to the FLSA.

45.    Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wage and unpaid overtime compensation, plus an equal amount as liquidated damages.

46.    Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

47.    Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

48.    Plaintiff realleges and reavers Paragraphs 1 through 47 of this class and collective action Complaint as if fully set forth herein.

49.     At all relevant times, Plaintiff and Class members were employed by Defendants within the meaning of the New York Labor Law §§ 2 and 651.

50.     Defendants knowingly and willfully violated Plaintiff's and Class members' rights by failing to pay them minimum wages in the lawful amount for hours worked.

51.     Defendants knowingly and willfully violated Plaintiff's and Class members' rights by failing to pay them the proper overtime compensation at rates of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

52.     Defendants knowingly and willfully violated Plaintiff's and Class members' rights by failing to pay the spread of hours premium for each workday that exceeded ten (10) hours.

53.     Defendants knowingly and willfully failed to provide proper wage and hour notices, to Plaintiff and Class members, as required by New York Labor Law § 195(1).

54.     Defendants knowingly and willfully failed to provide proper wage statements to Plaintiff and Class members with every wage payment, as required by New York Labor Law § 195(3).

55.     Due to Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid minimum wage, unpaid overtime compensation, unpaid spread of hours premium, damages for unreasonably delayed payments, statutory penalties, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action, pursuant to New York Labor Law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

b.  An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.  An award of unpaid minimum wage due under the FLSA and NYLL;

d.  An award of unpaid overtime compensation due under the FLSA and NYLL;

e.  An award of unpaid spread of hours premium due under the NYLL;

f.  An award of statutory penalties as a result of Defendants' failure to comply with the NYLL wage notice and wage statement requirements;

g.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wage and overtime compensation, pursuant to the FLSA;

h.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wage, overtime compensation and spread of hours premium, pursuant to the NYLL;

i.  An award of prejudgment and postjudgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

j.      Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

k.      Designation of this action as a class action pursuant to F.R.C.P. 23;

l.      Designation of Plaintiff as Representative of the Class; and

m.      Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated:   May 11, 2017                     Respectfully submitted,

By:      */s/ C.K. Lee*_____
C.K. Lee, Esq.

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: (212) 465-1188
Fax: (212) 465-1181

*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*