# Lee Litigation Group, PLLC
30 East 39th Street, Second Floor
New York, NY 10016
Tel: 212-465-1180
Fax: 212-465-1181
info@leelitigation.com

Writer's Direct:   (212) 465-1188
   cklee@leelitigation.com

November 9, 2017

**VIA ECF**
The Honorable Lorna G. Schofield, U.S.M.J
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:   *Navarro v. River Lounge, Inc., et al.*
        <u>Case No. 17-CV-3552</u>

Dear Judge Schofield:

  We are counsel to Plaintiff. Pursuant to Your Honor's Order dated October 10, 2017, we write, jointly with counsel to Defendants, to respectfully request that Your Honor approve the settlement reached in this matter and dismiss the case.

  Attached hereto as **Exhibit A**, please find the parties' fully-executed settlement agreement (the "Settlement Agreement")[1].

  **I.   Legal Standard**

  As the Court is aware, when FLSA claims are settled, if the settlement is to take effect, the Court must first review and scrutinize the agreement to ensure that it is fair. *See Cheeks v. Freeport Pancake House, Inc.*, No. 14-299, at *18 (2d Cir. Aug. 7, 2015); *see also Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).

  This agreement should be approved: (i) The Settlement Agreement does not contain any confidentiality provision; (ii) the release is narrowly tailored to wage and hour claims; and (iii) attorneys' fees are 1/3 of the settlement amount, after the deduction of costs.   The $28,000 settlement falls within the range of reasonableness in light of the best possible recovery and all the risks of litigation, and should be approved.

  **II.   Settlement Between Plaintiff and Defendants is Objectively Fair, Adequate and Reasonable**

  Pursuant to the terms of the parties' Settlement Agreement, Defendants are paying the total sum of $28,000; $18,400 of which represents the settlement amount to be allocated to Carlos Navarro. Plaintiff is receiving 100% of the total alleged backwages owed, plus a portion of liquidated damages

---

[1] Plaintiff's counsel has signed the Settlement Agreement with full authority to sign on behalf of Plaintiff.

and statutory penalties, even after the deduction of attorneys' fees. Attached hereto as **Exhibit B** is a damage calculation for Plaintiff's alleged unpaid compensation, calculated to be $15,255.27 in backwages.  Such damage calculations assume that all of the facts alleged by Plaintiff are entirely correct. Defendants contest the majority of Plaintiff's allegations. If Defendants were to succeed at trial in any claim, Plaintiff's damages would be reduced and he would run the significant risk of obtaining less than the payment he is receiving in the settlement.

Plaintiff wishes to avoid the risk in establishing liability and damages. There is an inherent risk in going to trial of being unable to establish any liability. A trial on the merits would involve significant risks to Plaintiff because of the fact-intensive nature of proving liability under the FLSA, and in light of the defenses available to Defendants. Such risk is unnecessary given that Plaintiff is receiving the full amount of backwages owed. Plaintiff believes the amount of $28,000 is a fair result, obtaining the entirety of backwages owed, plus a portion of liquidated damages and statutory penalties, even after the deduction of attorney's fees, while eliminating the risks of trial. Furthermore, Defendants may have an argument regarding good faith which if successful would prohibit Plaintiff from any liquidated damages, which would again reduce Plaintiff's award to an amount lower than the amount allocated to him in the settlement.  Defendants, on the other hand, believe the settlement to be fair and reasonable because it will enable the parties to avoid further anticipated burdens and expenses, including attorney's fees, which would be significant if the case were to go to trial.

Finally, the proposed settlement is fair and reasonable because the settlement was negotiated vigorously by competent counsel, following open sharing of facts and information. Based on the matters discussed above, the settlement is fair and reasonable.

### III. The Attorneys' Fees are Fair and Reasonable

Of the total $28,000 Settlement Sum provided for in the Settlement Agreement, $9,200 is allocated to attorneys' fees and $400 as costs. The $9,200 in legal fees equals 1/3 of the settlement amount after the deduction of costs, which is routinely approved as attorney's fees in such FLSA matters.

Plaintiffs' counsel's fees of $9,200 is fair and reasonable given the time spent by Plaintiff's counsel. Such work includes interviewing the Plaintiff, investigating the identity of Defendants, preparing a Complaint, preparing damages calculations, preparing a joint submission in anticipation of the initial conference, preparing for and attending an initial conference, preparing discovery requests, negotiating with Defendants' counsel, correspondence with the Court, correspondence with Defendants' counsel, preparing and revising the settlement agreement, and preparing this submission.

In view of the foregoing, the parties respectfully request that the Court approve the Settlement Agreement and So Order the proposed Stipulation of Final Dismissal with Prejudice attached as **Exhibit A**. We thank Your Honor for considering this matter.

Respectfully submitted,

____*/s/ C.K. Lee*____
C.K. Lee, Esq.

4833-4735-9316, v. 1